(Superior Court of Cincinnati.)
Special Term.

### HENRY HAUENSCHILD v. THE STANDARD COFFIN COMPANY et al.

---

(1). Renewals of notes, or changes in the form of the evidence of a precedent debt, do not create a new debt or operate as a discharge or satisfaction of the old debt, unless it is so expressly agreed between the parties.

(2). The renewal of notes by a corporation after the sale or transfer of his stock by a stockholder do not release the stockholder from liability thereon, although the renewals were made without his knowledge or consent.

---

Heard on exceptions to finding and report of referee.

DEMPSEY J.,

This action is one to assess the individual liability of the stockholders of the defendant corporation. The cause was referred to S. M. Johnson, Esq., for findings and report.

From the evidence reported it appears that one Louis J. Goldman was one of the original stockholders of said corporation; that during the time he continued as a stockholder said corporation became indebted, for moneys advanced, to the firms of P. J. Goodhart & Co. and Freiburg & Workum, and that said indebtedness was evidenced by promissory notes given to said firm; that before the maturity of this indebtedness originally the said Goldman sold and transferred his stock in said company and ceased to be a stockholder; that when said indebtedness did mature the same was not paid, but the time of payment was extended and new notes given in renewal of the old ones, and that such extension and renewals were made several times. Goldman now claims that he is not liable, as a stockholder, for this indebtedness—first, because the extension and renewals, by giving and taking new notes, operated as payment of the original indebtedness, and, secondly, because the statutory liability of stockholders, being a collateral liability in the nature of a suretyship, the renewals operated in law to extinguish his liability. The referee found against Mr. Goldman on both contentions.

As to the proposition that renewals of notes, or changes in the form of the evidence of a precedent debt do not

create a new debt or operate as a discharge or satisfaction of the old debt, unless it is so expressly agreed between the parties, the law is well settled in Ohio; and it is further settled that the evidence must affirmatively and clearly show such to have been the agreement of the parties. See Merrick v. Boury, 4 Ohio St., 60; Leach v. Church, 15 Ohio St., 169; Wise v. Miller, 45 Ohio St., at 397-398. The referee on this question of fact found against Mr. Goldman, and this court sees no reason to alter that finding.

As to the second proposition contended for by Goldman, the ruling of our supreme court is to the contrary. In Boice v. Hodge, 51 Ohio St., 236, which was a case of renewals of notes, after the sale and transfer of the stock by stockholder, and which renewals were made without the knowledge or consent of said former stockholder, the court held that such stockholder was nevertheless liable. This court, of course, is concluded by that decision. As a consequence, the exceptions taken will be overruled and the report of said referee confirmed.

Kramer & Kramer and J. B. Frenkel, for Creditors.

S. G. Stricker, for L. J. Goldman.